IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRENCE O. GREENWOOD,
    Petitioner,

vs.                              Case No.: 5:13cv193/RS/EMT

NICOLE ENGLISH, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241 (doc. 1). Petitioner is an inmate of the federal Bureau of Prisons ("BOP"), housed at the Federal Correctional Institution in Marianna, Florida, at the time he commenced this action. Respondent filed a response to the habeas petition (doc. 21). Petitioner filed a reply (doc. 23).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that Petitioner is not entitled to relief.

I.    BACKGROUND

    On December 16, 1991, Petitioner was placed on probation by the Superior Court of the District of Columbia, Case No. F3879-91, for attempted possession with intent to distribute cocaine (doc. 21, Attach. 1, Ex. A). On September 20, 1993, Petitioner was sentenced in the Superior Court of the District of Columbia, Case No. F85711-92, to an aggregate term of sixty-five (65) years in prison, upon his conviction for burglary, sodomy, and assault with intent to rape (*id.*). On August 25, 1994, the court revoked his probation in Case No. F3879-91, and sentenced him to six (6) years of imprisonment, to run concurrently with his sentence in Case No. F85711-92 (*id.*).

    After serving the minimum term for parole eligibility, Petitioner received an initial parole hearing on December 12, 2006 (doc. 21, Attach. 1, Ex. B). Petitioner had incurred a disciplinary infraction for assault on a staff member, based upon his admission that he patted a female contractor on her buttocks as he passed her in the hall (*id.* at 2–3). On December 28, 2006, the United States

Parole Commission ("USPC") issued its decision to deny parole (doc. 21, Attach. 1, Ex. C). Petitioner was scheduled to receive a reconsideration hearing in December of 2009 (*id.*).

On November 19, 2009, a USPC hearing examiner conducted Petitioner's reconsideration hearing (doc. 21, Attach. 1, Ex. D). In the interim, between hearings, the USPC had amended its rules for conducting parole hearings for D.C. Code offenders, like Petitioner, who committed their offenses between March 3, 1985 and August 5, 1998. *See* 28 C.F.R. § 2.80(o). Under the new rule, the USPC would make the parole determination using the 1987 guidelines of the former District of Columbia Board of Parole. *Id.* At Petitioner's hearing in 2009, the 1987 D.C. parole guidelines indicated that parole should be granted (doc. 21, Attach. 1, Ex. D at 2). The USPC decided to exceed the decision indicated by the guidelines, and by notice of action dated February 25, 2010, denied parole and continued Petitioner for a reconsideration hearing in November of 2012 (doc. 21, Attach. 1, Ex. E).

On November 9, 2012, a USPC hearing examiner conducted Petitioner's reconsideration hearing (doc. 21, Attach. 1, Ex. F). The hearing examiner advised Petitioner to participate in and complete the BOP's residential sex offender treatment program ("SOTP"), and he discussed a BOP policy that requires prisoners to be within three (3) years of their release date in order to be accepted into the program (*id.* at 3). The hearing examiner initially planned to recommend that Petitioner be granted a parole date so that he could be placed in the residential SOTP, but the examiner was later advised that the BOP was modifying its policy for D.C. Code offenders to allow them to participate in the SOTP without having a presumptive parole date (*id.*). In light of the revised policy, the hearing examiner recommended that Petitioner be denied parole and continued for a rehearing in November 2015 (*id.* at 4). The reason for the decision was that Petitioner's participation in and completion of the BOP's residential SOTP was critical to reducing Petitioner's risk to the community (doc. 21, Attach. 1, Exs. F, G). The USPC concurred with this recommendation and, on November 28, 2012, issued its decision denying parole (doc. 21, Attach. 1, Ex. G). Petitioner will receive another parole reconsideration hearing in November 2015 (*id.*).

Petitioner filed the instant federal habeas action on March 22, 2013 (doc. 1). He contends the USPC's decision denying parole violates his rights to due process and equal protection, because it places him in a "Catch 22" position—the USPC is denying parole because he has not participated in

and completed a residential SOTP, but the BOP will not permit him to enter a residential SOTP until the USPC sets a presumptive parole date (doc. 1 at 6–12; doc. 23).[1] Petitioner requests that the court release him from custody unless the USPC conducts a new parole hearing and either sets a presumptive parole date to enable Petitioner to enter the BOP's residential SOTP, or sets a parole date with no SOTP requirement (*id.* at 12, 16).

II. APPLICABLE LAW

In 1997, Congress transferred responsibility for the imprisonment of all felons convicted under the D.C. Code from the District of Columbia to the federal government. *See* National Capital Revitalization and Self-Government Improvement Act of 1997 ("Act"), Pub. L. No. 105-33, 111 Stat. 712, 734-37 (codified at D.C. Code §§ 24-101 *et seq.*). As part of the Act, Congress transferred exclusive authority over "any imprisoned felon who is eligible for parole or reparole under the [D.C.] Code" from the D.C. Board of Parole to the USPC. Pub. L. No. 105-33, 111 Stat. at 745.

The D.C. Code applies to D.C. Code offenders who fall within the USPC's jurisdiction. *See* Muhammad v. Mendez, 200 F. Supp. 2d 466, 470 (M.D. Pa. 2002) (D.C. Code, not federal law, applies to D.C. Code offenders who fall within USPC's paroling jurisdiction). Under D.C. law the discretion to parole is grounded in statutory authority. *See* D.C. Code § 24-404(a) (2009) (formerly cited as D.C. Code § 24-204(a)). Section 24-404(a) provides:

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole upon such terms and conditions as the Commission shall from time to time prescribe.

D.C. Code § 24-404(a). Thus, the decision to parole prisoners is left to the USPC's discretion to determine whether the prisoner is likely to be a responsible citizen if he is returned to the community and whether release on parole is consistent with the public safety. *See* Ellis v. District of Columbia, 84 F.3d 1413, 1418–20 (D.C. Cir. 1996) (D.C. Board's authority to release a prisoner on parole is in its discretion).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Where, as here, an offender's offense conduct occurred prior to 1998, the USPC applies the 1987 guidelines of the D.C. Board of Parole in considering the offender's eligibility for parole (*see* doc. 21, Attach. 1, Exs. D, E, F). The 1987 guidelines give the USPC discretion to depart from the guidelines (*id.*, Ex. H). *See* D.C. Mun. Regs. tit. 28, § 204.22 ("The Board may, in unusual circumstances, waive the SFS [(salient factor score)] and the pre and post incarceration factors set forth in this chapter to grant or deny parole to a parole candidate."); *see also* Phillips v. Fulwood, 616 F.3d 577, 582 (D.C. Cir. 2010) (1987 guidelines of D.C. Board of Parole permit USPC to depart upward from the guidelines, pursuant to D.C. Mun. Regs. tit. 28, § 204.22).

As a general rule, in order to establish a due process violation, one must have a liberty interest created by the United States Constitution or state law. *See* Monroe v. Thigpen, 932 F.2d 1437, 1441 (11th Cir. 1991). A prisoner does not have a direct constitutional liberty interest in parole. *See* Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); Monroe, 932 F.2d at 1441. Additionally, as previously discussed, the D.C. parole statute uses discretionary language (the Board "may" authorize release), and contains two criteria which are solely matters of judgment (whether there is a reasonable probability that the prisoner will not violate the law, and whether his release is "incompatible with the welfare of society"). *See* D.C. Code § 24-404(a). Because the D.C. parole statutes and regulations provide no substantive limitations on the Board's authority to grant parole, they do not create a liberty interest in parole release or the establishment of a parole date. *See* Anyanwutaku v. Moore, 151 F. 3d 1053, 1059 (D.C. Cir. 1998); Price v. Barry, 53 F.3d 369, 370–71 (D.C. Cir. 1995) (D.C. Code did not create an expectancy of release); Pryor-El v. Kelly, 892 F. Supp. 261, 273 (D.D.C. 1995) (District of Columbia parole statute does not create liberty interest in parole sufficient to trigger due process protections). Where there is no liberty interest in parole, "the procedures followed in making the parole determinations are not required to comport with the standards of fundamental fairness." O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995).

However, "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992) (internal quotation marks omitted). A parole board's decisions are subject to limited judicial review to

ascertain whether a rational basis for the adverse decision is articulated in the parole board's statement of reasons. *See, e.g.*, Furnari v. Warden, Allenwood Fed. Corr. Inst., 218 F.3d 250, 254 (3d Cir. 2000); Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980) ("A legislative grant of discretion does not amount to a license for arbitrary behavior."); Monroe, 932 F.2d at 1441.[2] Thus, although an inmate has no due process right to an error-free determination of parole eligibility, *see* Greenholtz, *supra*, a parole board may not engage in "arbitrary and capricious" or "flagrant or unauthorized action," Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982). *See* Monroe, 932 F.2d at 1442 & n.11 (by relying on the false information in Monroe's file, Alabama parole board exceeded its statutory authority and treated Monroe arbitrarily and capriciously in violation of due process); Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990) (a federal court will not reverse a decision of the United States Parole Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion); Page v. United States Parole Comm'n, 651 F.2d 1083, 1085 (same) (5th Cir. 1981).[3]

III. ANALYSIS

Here, Petitioner contends the USPC's reason for denying parole, namely, his lack of participation in and completion of the BOP's residential SOTP, is irrational, because the BOP will not allow him to participate in the SOTP without a presumptive parole date. However, as established

---

[2] Although neither Monroe or Furnari involved a D.C. offender (Monroe involved an Alabama offender and Furnari involved a federal offender), the discretion accorded the USPC to review parole for D.C. offenders is similar to the discretion afforded the Alabama Parole Commission for Alabama offenders (*see* Ala. Code § 15-22-26 (a prisoner shall be released on parole "only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society.")) and the USPC for federal offenders (*see* 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the U.S. Parole Commission. As prerequisites to a grant of parole, the Commission must determine that the prisoner has substantially observed the rules of the institution or institutions in which he has been confined; and upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, must determine that release would not depreciate the seriousness of his offense or promote disrespect for the law, and that release would not jeopardize the public welfare (i.e., that there is a reasonable probability that, if released, the prisoner would live and remain at liberty without violating the law or the conditions of his parole."))).

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

by the declaration of Helen Krapels, Assistant General Counsel for the USPC, after Petitioner filed the instant habeas action, the BOP referred Petitioner to the residential SOTP and will transfer him to the Federal Medical Center at Devens, Massachusetts, where that program is offered (doc. 21, Attach. 1, Declaration of Helen Krapels). According to Ms. Krapels, when Petitioner arrives at FMC-Devens, he will be placed on the waiting list for admission to the program (*id.*). Thus, the BOP is allowing Petitioner to participate in the SOTP program even though the USPC denied parole and did not set a presumptive parole date.

The USPC's denying parole based upon Petitioner's failure to participate in and complete the BOP's residential SOTP (or other programs that address his risk of re-offending, as determined by the BOP) was not arbitrary and capricious. To the contrary, the USPC's reason was a rational basis for denying parole. *See, e.g.*, Turnage v. Bledsoe, No. 3:08-cv-1662, 2010 WL 3632699, at *7 (M.D. Pa. Sept. 9, 2010) (unpublished) (D.C. Code offender's failure to complete BOP's sex offender program, even though one was not offered at institution where petitioner was housed when he filed habeas petition challenging USPC's denial of parole, is one of many factors parole authorities may take into consideration in refusing to release an inmate, because successful completion of such a program bears rationally on an inmate's likely rehabilitation).

IV. CONCLUSION

Petitioner has no constitutionally protected liberty interest in the grant of parole or the establishment of a presumptive parole date. Further, he failed to show that the USPC's decision to deny parole was arbitrary or capricious. Therefore, he is not entitled to federal habeas relief.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DENIED**.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 18th day of October 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

  Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).